## Duncan *vs* Commonwealth.

ERROR TO THE LINCOLN CIRCUIT.

*Indictment.    Taverns and tipling houses.*

JUDGE MARSHALL delivered the Opinion of the Court.

INDICTMENT.

*Case* 90.

*April* 22.

One who vends spirituous liquors in a room of a tavern house which is in subordination to the tavern keeper, and by his permission, is not liable on an indictment for keeping a tipling house, but is protected by the license of the tavern.

IF the room in which Duncan vended his liquors and other articles, was in good faith used as the bar room of the tavern of Yates, who was a licensed tavern keeper, and was used, so far as the vending and drinking of liquors was concerned, as Yates himself might have used it, without a violation of his bond, and if it was so used by the permission and authority of Yates, for the purpose of supplying liquors as he might have done himself, and if liquors were sold in no other room of the tavern, and this room, so far as regards the preservation of order and decorum, remained under his control as a part of his tavern, for the management of which he was responsible under his bond—it seems to us that Duncan should not be regarded as guilty of keeping a tipling house, though the liquors which he thus sold were purchased at his own exclusive cost, and sold for his own exclusive profit, without any participation on the part of Yates, either in the cost or the profit. And as the jury might or might not, upon the evidence, have found all the facts above stated, we are of opinion that the Court erred in instructing them, that unless Duncan and Yates were partners they should find the former guilty. The true question is, whether, so far as the vending of liquors was concerned, the room was, in fact, used as a part of the tavern, and in subordination to it, as Yates himself might have used

it. If so, such use being by authority of Yates, was, in our opinion, protected by the license to him.

For the error in the instruction as above stated, the judgment is reversed, and the cause remanded for a new trial, in conformity with this opinion.

*Harlan & Craddock* for plaintiff; *Cates, Attorney General,* for Commonwealth.